IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.   1:22-CR-00443 (GLS) |
| | ) | |
| v. | ) | **GOVERNMENT'S SENTENCING** |
| | ) | **MEMORANDUM** |
| **SHAWN WETZEL** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its sentencing memorandum requesting that the Court sentence the defendant to the Guideline sentence of 121 months to be followed by a term of supervised release of 30 years. The government also requests the Court Order the defendant to have no contact, directly or through a third party, by any means, electronic or otherwise, with V-1 and V-2 and their parents, whose names will be provided to this Court in a sealed document.

The government respectfully submits that this sentence is sufficient, but not greater than necessary, to comply with the sentencing factors set forth in 18 U.S.C. § 3553 where the defendant violated the terms of his federal supervised release, imposed for a conviction relating to child pornography, by possessing child pornography in the Northern District of New York. The defendant's troubling history and inability to control his urges to commit sexual offenses, further demonstrate the need for this sentence and a lengthy period of supervised release.

**INTRODUCTION AND FACTUAL BACKGROUND**

On December 20, 2022, the defendant waived Indictment and pled guilty pursuant to a plea agreement to a single-count Information charging him with possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). In this plea agreement, the defendant admitted that he

1

was convicted in the Northern District of Georgia of Receipt of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b) and sentenced on March 24, 2015 to 67 months imprisonment and 5 years of supervised release.

The government adopts the facts as set forth in the Presentence Investigation Report (Dkt. #9) (the "PSIR") prepared by the United States Probation Office and filed on April 5, 2023, which in turn relied upon the Plea Agreement, law enforcement reports, and other materials.  *See* PSIR ¶¶ 4, 8.

## APPLICABLE STATUTORY AND GUIDELINES PROVISIONS

**1.    Statutory Maximum and Minimum Sentences**

The defendant's conviction on Count 1 subject him to a statutory maximum term of imprisonment of 20 years and a minimum term of imprisonment of 10 years.  18 U.S.C. § 2252A(a)(5)(B), (b)(2).

The defendant also must serve a post-imprisonment term of supervised release to last between 5 years and life.  *See* 18 U.S.C. § 3583(k).

Each count also carries a maximum fine of up to $250,000.  *See* 18 U.S.C. § 3571(b).

**2.    Guidelines Provisions**

   **a.   Offense Level**

The government agrees with the Guidelines computation set forth in the PSIR and moves for an additional one-level downward adjustment pursuant to U.S.S.G. § 3E1.1(b).  Under the Guidelines, the total adjusted offense level is 25.  PSIR ¶ 34.

   **b.   Criminal History Category**

The government agrees with the Probation Office's determination that the defendant's criminal history category is III.  PSIR ¶ 39, due to the defendant's prior conviction for Receipt of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2) in the Northern District of Georgia.

### c. Guidelines Range and Sentence

Based on a combined offense level of 25 and criminal history category of III, the Guidelines advise that the defendant should receive a term of imprisonment of 70 – 87 months.  PSIR ¶ 59.  However, the Guideline range is less than the statutorily required minimum sentence of 120 months.  As a result, the Guideline term becomes 120 months, pursuant to U.S.S.G. § 5D1.1(b).

### GOVERNMENT'S SENTENCING RECOMMENDATION

Based on all the information before the Court, the government respectfully requests that the Court sentence the defendant to the Guidelines sentence, to be followed by a term of supervised release of 30 years.  This recommended sentence is sufficient, but not greater than necessary, to comply with the sentencing factors in 18 U.S.C. § 3553(a).

<u>Nature and Circumstances of the Offense</u>:

The defendant committed the instant offense and continued his correspondence with other inmates after he received a federal felony conviction for receiving child pornography, served a term of incarceration, and was placed on supervised release.  Clearly, imprisonment and supervised release did not deter this defendant from committing further sexual offenses involving children.

For the instant offense of conviction, the defendant admitted to possessing child pornography featuring children as young as seven years of age, with most between the ages of nine and twelve, which he viewed three to four times a week for about an hour for sexual gratification and as a "sleep aid."  PSIR, ¶ 10.  He further disturbingly possessed more than 800 screenshots

of minor children, many of which had captions or emojis over them. For example, several images of children had captions over them that read, "who needs pussy with legs like these to fuck," "I fucked these calves <3", and "you can hump my legs if you want." PSIR, ¶ 9.

History and Characterizes of the Accused:

The defendant's history and characteristics as detailed in the PSIR, are highly concerning and warrant a lengthy period of supervised release to ensure the protection of the community.

*Prior conviction*:

Between 2012 and 2013, agents with the Department of Homeland Security Investigations ("HSI") interviewed a target who admitted to sharing images of his niece, a prepubescent minor, over a photo-sharing website. The target further disclosed that he and the defendant created an email account and drafted emails with attachments of child pornography through the photo-sharing website. Investigators discovered 17 instances of files transferred between the target and the defendant on June 13, 2013 and September 10, 2013. Investigators took over the target's email account and downloaded a child pornography file and multiple folders containing child erotica from the defendant. A federal search warrant was executed at the defendant's residence, and investigators located the defendant in bed with a life-sized female toddler doll and two similar dolls at the foot of his bed. Investigators also recovered several electronic devices that contained 3,726 images of child erotica, 13 images of child pornography, and 3 videos of child pornography. The defendant further admitted to investigators that he sexually abused a relative several years ago. *See* PSIR, ¶ 38.

*Correspondence with Known Sex Offenders While on Federal Supervised Release*

Despite his conviction and placement on federal supervised release, the defendant continued to correspond with known convicted sex offenders using an alias of "K. Boehm" in order

to conceal his identity from Bureau of Prisons staff, while on Federal Supervised Release for his federal conviction of Receiving Child Pornography. PSIR, ¶ 10.

*Conduct Involving V-1 and V-2[1]:*

During the execution of a federal search warrant at the defendant's residence for the instant offense conduct, investigators recovered a notebook in which the defendant concerningly – and disturbingly – detailed his obsession and infatuation with two minor females (V-1 and V-2) whom he met while working at a resort in the Catskills between 2014 – 2015.  PSIR, ¶ 14.  The notebook entries dated between May and June 2021 describe how the defendant drove by V-1 and V-2's house hoping to see them and tried to find where the girls might sell girl scout cookies.  In one entry, the defendant wrote "I feel good that I know how to get to [V-1's] house now but as expected, there is a new, constant draw to be down there.  It's amazing the power she has over me.  I even sceeme to move down there and work at Walgreen's since I know she'd be there at one point or another…It amazed me too that I went through ALL of what I did, a whole prison bid, and here I am, "looking for [V-1] just as I was before."  PSIR, ¶ 12.  The defendant than writes that he will go back had he "stumbled upon girls selling cookies at Lowe's in New Paltz and described their "Beautiful petite frames, sheer flat chest, small hands with perfect slender fingers, a crop top tank I think, just wonderful.  I love preteen girls, always have, always will – perfection all the way around…" *Id*.

The defendant further wrote in 2018, that he was "ready to get my life back and it better be

---

[1] Defense objects to this conduct in the PSIR without citing authority for this objection. *See* ECF No. 14.  However, U.S.S.G. § 1B1.4 clearly permits its consideration by the Court as "[i]n determining the sentence to impose within the guideline range, or whether a departure from the guidelines is warranted, the court may consider, without limitation, any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law." U.S.S.G. § 1B1.4

what I had in 2015. I want to be around girls, again, yes, I wrote this and I mean little girls. Is there anything else? And you know who's at the top of my list. Thank god for her." PSIR, ¶ 14.

In 2020, the defendant underwent a psychosexual examination, which documented that the defendant admitted to "being someone whose sexual adjustment is not normal and being "sexually attracted to youth. The evaluation outlined several assessments, including an indication of the defendant's elevated amount of sexual entitlement, with no demonstration of how sexual abuse between an adult and a child negatively impacts children. He is "an individual who has a history of utilizing cognitive distortions that serve to support sexual abuse" and exhibited "cognitive distortions during the exam, specifically an excessive amount of denial" and "appeared devoid of victim empathy."  PSIR, ¶ 49.

**Respect for the Law, Just Punishment, and Deterrence**

A sentence that reflects respect for the law, just punishment of the defendant, and deterrence to those who seek to commit similar offenses, are other factors for this Court to consider. 18 U.S.C. § 3553(a). The government submits that a term of imprisonment of 120 months, followed by a lifetime period of supervised release, adequately meets these requirements, as well.[2]

\*   \*   \*

---

[2] The government reserves the right to respond to defense arguments raised for the first time after filing of this memorandum. Similarly, if the Court is considering a *sua sponte* departure from the applicable Guidelines range on a ground not previously identified by the parties or in the PSIR, the parties are entitled to notice and an opportunity to respond.  Fed R. Crim. P. 32(i)(1)(c), (h). Further, the government respectfully requests that the Court provide the parties with any *ex parte* communications received by the Court in connection with sentencing, with the exception of the confidential sentencing recommendations submitted by the Probation Office.

For the foregoing reasons, the defendant should receive a sentence within the applicable Guidelines ranges.

Dated: May 27, 2023

Respectfully submitted,

CARLA B. FREEDMAN
United States Attorney

By:   */s/ Rachel L. Williams*
      Rachel L. Williams
      Assistant United States Attorney
      Bar Roll No. 701542

**Certificate of Service**

I certify that on November 29, 2021, I electronically filed the foregoing sentencing memorandum with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to AFPD Matthew E. Trainor, attorney for the defendant.

By:    */s/ Rachel L. Williams*
        Rachel L. Williams
        Assistant United States Attorney